FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 2 2 2014

JAMES N. ~~ALLEN, Clerk
BY: _____
Deputy Clerk

## IN UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

**PILAR ASTON Propria persona**
    *Plaintiff,*

*v.*

**BANK OF AMERICA,NA**
    *Defendants.*

*Civil Action No:1:13-cv-03991-RWS-JSA*

## OBJECTION TO MAGISTRATE'S FINAL REPORT AND RECOMMENDATION ON A MOTION TO DISMISS

*Now comes Plaintiff, Pilar Aston pro se and files the* **Objections to**

**Magistrates Final Report and Recommendation on a Motion to Dismiss.**

*Plaintiff submits her objection on May 21st, 2014, which is within the 14 day time*

*limit for filing of a response as directed by judge Anand on May 8th, 2014, as*

*shows the Court as follows:*

## INTRODUCTION

*The Plaintiff disagrees with the decision of the Magistrate Judge Anand's Final*

*Report and Recommendations to* **GRANT** *the Defendants Bank of America's,*

*NA,* **Motion to Dismiss,** *stating;* **Plaintiff's failure to state plausible claim**

1 |

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

*for relief, and claims for violation of (a)***Fair Credit Reporting Act (b)Expedited Funds Availability Act** *(c)***Georgia Fair Business Practices Act***(d)***Breach of Contract** *(e)* **Fraudulent Misrepresentation**. *Plaintiff in addition disagrees with Magistrates decision to* **Deny** *the Plaintiff* **Motion for Extension Time** *and* **Motion for Leave to Amend**.

1. <u>**Defendants Motion to Dismiss**</u>

   A. **The Plaintiff believes the Magistrate erred in his decision in relation to Defendants Motion to Dismiss**

      i. *Plaintiff refers too pg.11,second and third paragraph, Plaintiff argues that she has stated clearly that or around April 4,2008, after a deposit in to her personal account,* **disbursement check # 456040492**,*the Defendants confiscated the disbursement check of* **four thousand seventy dollars and sixteen cents(4076.16)**,*closed her account and refused to return the check or give the funds to the Plaintiff.(***See exhibit 3***)*

      ii. *Plaintiff argues that after numerous attempts the Defendants refused to give the Plaintiff any information in relation to her account. Plaintiff refers to the years 2010, 2011, 2012 and 2013,*

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

*argues that per conversation with Tiffany Hall, supervisor at Chex Systems, that despite the Plaintiff believeth that this information deleted during Plaintiff 2010 bankruptcy, the Defendants continued to provide this false information to the public. Plaintiff intended through discovery to provide information that would prove Bank of America information lead to an incident with another Bank that lead to a lawyer and the Plaintiff in April 2012 to fight this false information.*

iii.  *Plaintiff stated on April 14,2008, she had the **disbursement check# 456040492** replaced after having to wait ten business days, Plaintiff replaced with **disbursement check# 456252003**.(See exhibit 4)*

iv.  *Plaintiff stated that the Defendants later in 2009 reported the Plaintiff for account abuse and fraud(**Exhibit 11**), and after Plaintiff's discovery in February 2009,Plaintiff  disputed, the Defendants agent Mae Yang said they reinvestigated the information they provided and their information was **accurate**, Defendants  requested that this information continue to remain on the Plaintiff reports and not be removed.(**See Exhibit 11**)*

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

v.   *Plaintiff argues  that the above- listed actions violated the Fair*
     *Credit Reporting Act ,Expedited Funds Availability Act ,Georgia*
     *Fair Business Practices Act, Breach of Contract , Fraudulent*
     *Misrepresentation.*

vi.  *The Plaintiff implores this Court that these are not allegation*
     *against the Defendants these are* **FACTS** *as shown by the Plaintiffs*
     *exhibits.*

vii. *The Defendants are clearly aware that they violated the law, and*
     *Defendants have never denied the FACTS, just eluded that the*
     *Plaintiffs* **FACTS** *are alleged, sparse or unclear, which is nothing*
     *other than* **FRAUD** *upon this Court. Defendants are in possession*
     *of the same information and more that the Plaintiff has provided.*
     *Plaintiff argues that the Court should not allow Defendant Bank of*
     *America's, NA, DISMISSAL**; this** would be an injustice to both the*
     *Plaintiff and the public. This Court cannot allow injustices,*
     *Defendants proven behavior such as what is documented in exhibits*
     *should not be disregarded as merely pieces of paper.*

viii. *Plaintiff in argues to the Defendants second Motion to Dismiss,*
      ***Doc [4], filed January 2, 2014,** Plaintiff cannot recall ever*

4 | P a g e

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not*
*attached that would require additional time to locate, many organization no longer exist or have sold to*
*other companies, which creates delay of locating records.*

*receiving this document. Plaintiff responded to Defendants*

*Doc[2],filed December 9,2013  with Doc[5] ,filed on January*

*3,2014 and Plaintiff requested that Defendants email Motions To*

*Dismiss by email because of mail issues.(See exhibit 18) and*

*attached (Exhibit A). Plaintiff has reviewed old email and does not*

*see this document. Plaintiff can say she has responded to all Motions*

*that have been put before her if there was a need and in this case*

*there would have been a need. Plaintiff really cannot deny or*

*confirm what happen with the Second Motion to Dismiss, but can*

*say Plaintiff would have opposed. For the above reasons and*

*justifications the Court should not grant the Defendants*

*Motion to Dismiss.*

## 2. *Fair Credit Reporting Act*

### B. *The Plaintiff agrees and disagrees with the Magistrate in his*
   *decision in relation to Fair Credit Reporting Act*

   *ix.    Plaintiff  agrees that the First Amended Complaint is flawed but*

   *believes Complaint should be Amended to reflect Plaintiffs' believeth*

   *that the Defendants pursuant to [15U.S.C.§1681n],[15*

   *U.S.C.§16810] are liable  to Plaintiff for neglect and willfully failing*

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

to follow reasonable procedures to assure accuracy of the Plaintiffs' consumer reporting in violation of

*[15 U.S.C. §1681e (b)]*.The Defendants accused the Plaintiff of account abuse and suspected fraud. *(See exhibit 12)*

x.    Plaintiff argues to the Court by *(Exhibits  11,12,13 and 16)*,that despite dispute  *April 10,2009*, *(See Exhibit 11)* of the  Defendants false information Defendants agent *Mae Yang* pretended to *reinvestigated* the information provided and verified it as *accurate* and instructed Chex Systems to continue to report the false information as *FACT.(See Exhibit 16)*.

xi.    Defendants showed disregard for the truth and blatant disregard for the harm it would cause the Plaintiff as they instructed Chex Systems to continue to report information that they never bothered to verify. Bank of America reported this information to the public and consumer reporting agency but when a Plaintiff attempted to find out the facts, she was disregarded by Bank of America, Plaintiff was told they would mail her the information related to her account, they never did and Plaintiff was given limited information by Chex

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

Systems (*See Exhibit 1, 8, 9, and 16*), until subpoena January

2014.

xii.    The Court must also understand that there many consumer

reporting agency and more are forming, when the Plaintiff disputed

false information from Chex system, others are reporting the same

information, it's sold and Plaintiff could not get control over the

situation. **For the above reasons and justifications the Court**

**should not deny the Plaintiff claims of FCRA against the**

**Defendants Bank of America because they supplied this**

**FALSE INFORMATION**.

3. <u>Expedited Funds Availability Act</u>

   C. **The Plaintiff believes the Magistrate erred in his decision in**

   **relation to Expedited Funds Availability Act**

   xiii.   Plaintiff argues in relation to pg.12, that the Defendants violated the

   ***Expedited Funds Availability Act, large deposit* §229.13(g) (1)**

   **or (g) (2)** on are about April 4th, 2008.

   xiv.    Plaintiff states that Defendants engaged in egregious manner by

   closing Plaintiffs' account after deposit without proper notice,

   Plaintiff discovered Defendants allegation while filing Bankruptcy

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

2009. **For these reason the Plaintiff should be allowed to continue her claims against the Defendants for EFAA.**

### 4. Tolling the Statues of Limitation

#### D. The Plaintiff believes the Magistrate erred in his decision in relation to Tolling the Statues of Limitation

    *xv.*    *Plaintiff argues to the Court from December 27, 2005 until February 1, 2008, the Plaintiff mother's death, Plaintiff was a fulltime care giver for both of her parents, father had massive stroke March 26, 2006 and became paralyzed, father died November 20, 2006, mother had Alzheimer, dementia and cancer, and both were in and out of hospitals until their death, (See **Exhibit s 20 -29 and 34**), Plaintiff was the only caregiver outside of a sitter for four hours Monday thru Friday while the Plaintiff worked.*

    *xvi.*    *Plaintiff was a mother to two minor daughters and a three years old grandson, worked, was fulltime student and was under health services for mental counseling during 2007, 2008 and 2009. (See **Exhibit 28**).Plaintiff argues that not only was her mother death a factor but the 24 hour care, the Plaintiff having to seek mental*

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

counseling herself (*See exhibit 28*),*other turmoil related to parents caregiving with hospital stays, hospice stays, Plaintiff did this alone, Plaintiff daughters could not be allowed to deal with Plaintiff's parents, mother was extremely difficultly and combative*

xvii.   *Plaintiff  objects to the Magistrate's avoidance and denial of the grim realities that Defendants robbed, stole, and denied the Plaintiff what was rightfully the Plaintiffs' and her family's funds at the worst time in her life almost two month after the death of her parent. Plaintiff was denied funds that were needed for family expenses, repair of transportation, etc.* **For the reason provided the Plaintiff should be allowed to toll the statutes of limitation against the Defendants and pursue all her claims against the Defendants.**

5. <u>**Georgia Fair Business Practices Act**</u>

   **E. The Plaintiff believes the Magistrate erred in his decision in relation to Georgia Fair Business Practices Act**

xviii.   *Plaintiff argues  although Plaintiffs' account was closed on are about April 4th ,2008,  Plaintiff tried unsuccessfully to get her funds and or check back, Plaintiff mother had just passed and the Plaintiff was*

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

in emotional turmoil .Plaintiff as shown by (**Exhibits 1,**

**8,9,10**)discovered false information and immediately disputed it

To no avail. (See **Exhibits 11, 12, 13 and 16**).

xix.    Plaintiff argues at the time she lacked the ability or the legal capacity

to engage in Court proceedings.Plaintiiff attempted her Bankruptcy

in 2009, but was unable to finish do to health issues.

xx.     Plaintiff argues the dispute in April 2009, was a written and fair

warning of what was to come. Defendants knew this information

was false, yet the provided it in bad faith, with reckless disregard for

the Plaintiff harm. Defendants now want the law to protect their

violations of the Plaintiff's rights. Plaintiffs' argues (exhibit 11),

demonstrates that written warning and or dispute were ignored;

they refused to correct their on mistake.

xxi.    Defendants reported information as shown by (**Exhibit 11**) for five

or six years, and this is willful FRAUD upon the Plaintiff, statute of

limitation should not apply because of the Plaintiff's legal capacity

at the time. Plaintiff argues to the Court, what about the harm

reporting five years of false information of fraud and account abuse

against the Plaintiff has done. **For this reason the Plaintiff**

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not*
*attached that would require additional time to locate, many organization no longer exist or have sold to*
*other companies, which creates delay of locating records.*

should be allowed to continue FBPA claim against the

Defendants.

6. <u>Breach of Contract</u>

   F.  The Plaintiff believes the Magistrate erred in his decision in
   relation to Breach of Contract

   *xxii.*   Plaintiff argues that Plaintiff and Defendants by way of signed
   account disclosure agreement had a contract. Plaintiff argues that
   the Defendants Breached that agreement when the reported false
   information to the status of the Defendants account to other banking
   agencies and consumer reporting agencies.

   *xxiii.*   Plaintiff argues that copies of the signed agreement would be
   provided by way of discovery for amended complaint.

7. <u>Fraudulent Misrepresentation</u>

   G. The Plaintiff believes the Magistrate erred in his decision in
   relation to Fraudulent Misrepresentation

   *xxiv.*    The Plaintiff argues to  the Court (**Exhibit 1,8,11,12,13** and
   **16**)were the Defendants first reported fraud activity with first draft,
   (**Exhibits 3**)and (**Exhibit 17**) which clearly demonstrates that the
   drafts were not only issued from Plaintiff Progressive auto policy,

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

but drafts were issued in regards to a claim on the Plaintiff policy. This information is **fact**; there was no fraud on the Plaintiff behalf.

xxv.    Plaintiff demonstrates to the Court by (**Exhibit 4** and 5), the replacement of the first draft on April 14, 2014, and the cleared copy of the second draft.

xxvi.    Plaintiff in demonstration of the above –listed exhibits is perplexed where "under Rule 9(b), she failed to provide to provide exact information.

xxvii.    Plaintiff argues she previously provide the above –listed exhibits in **doc.[22](exhibit A pg. 2),(exhibit B pgs.6,7),(exhibit C pg. 9,10,11)(exhibit D pgs.13,14,15,16).**

xxviii.    Plaintiff refers to Magistrate pg. 18, last paragraph, and shows that this is an error; this information is and was provided to the court. **For this reason the Defendant's Motion to Dismiss should be DENIED and the Plaintiff should be allowed to move forward with her claim of Fraudulent Misrepresentation against the Defendants.**

8.  **Plaintiff  Motion for Extension Time**

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

*H. Plaintiff is at a bit of a disadvantage here since the Plaintiff is pro se*

xxix.   *The Defendants as licensed attorneys have an advantage over the Plaintiff as pro se, with meeting deadlines by their use of pacer and the court's alerts to valuable information when you are an attorney.*

xxx.   *Pacer allows individual courts; such as U.S. Northern District court of Atlanta, Georgia the ability to alert attorneys as soon as a motion or order is filed on a case, this gives the attorney the advantage of full time limits given by an order.*

xxxi.   *Plaintiff although  reactivated her pacer account on 28th March ,2014, the Plaintiff does not receive alerts from the court, not that the Plaintiff would not enjoy the cushion of being given alerts; the court does not offer this to pro se ligates ,so the Plaintiff before 28th March ,2014, would have to wait for the mail , three to five or more days; Plaintiff as a pro se is at a disadvantage, this create delay ;if the Plaintiff receive the order  five days after the Defendant's receive it, Plaintiff has lost valuable time that would be used to gather important information to respond to a motion or order.*

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

**xxxii.** *Plaintiff does not receive mail from the Defendants in a timely manner unless they email it.*

**xxxiii.** *Although the Plaintiff is aware of the disadvantage of being pro se, the Plaintiff should not be denied the same right that is afforded to an attorney. The U.S Northern District of Atlanta, Georgia court give an advantage of time to respond to a lawyer over a pro se, by alerting the attorneys of filing immediately, this allows injustice in the very place where the Plaintiff is seeking justice. The attorney's gets the actual allowance of maximum days to construct their response, the pro se does not.*

**xxxiv.** *Plaintiff believes this a fact not accurately addressed by the Magistrate because pacer appears not to be written in law at this point.* ***For theses reason and in the interest of justice the Plaintiff should be allowed to her Motion for Extension of Time to amend her Complaint.***

## 9. *VIOLATION OF FAIR DEBT COLLECTION ACT*

**I.** ***The Plaintiff believes the Magistrate erred in his decision in relation to Fair Debt Collection Act***

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

xxxv. *Plaintiff argues ( **Exhibit  12**),provides  that Bank of America on May 5th,2008, charged off  $ 89.00 dollars  for collection for account ending #4668 and April 17,2008,charged off  $ 395.03 dollars for collection for account ending #9610.*

xxxvi. *These are not valid debts; Plaintiff did not owe these debts. These debts were based on false information and the Defendants violated the Fair Debt Collection Act by attempting collection on these debts.*

xxxvii. *This exact information is also in **Doc [22] page 15** and **Doc [7] document** .Therefore the Defendants are liable for the violation of Fair Debt Collection Act **[15 USC 1692g] § 809(a)**, **[15 USC 1692g] § 809(b), [15 USC 1692c] § 805(c)**.For negligently and willfully failing to follow reasonable procedures to assure accuracy of the Plaintiff's consumer report.*

xxxviii. *Plaintiff has not been privileged to get information of collection material from the Defendants, only what was provided by Chex System.*

xxxix. *Plaintiff requested this information in person at Bank and was told it would be mailed, Plaintiff never received this information. **For***

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

*this reason and justification the Court should allow the*

*Plaintiff's claims against the Defendant.*

## 10. MOTION FOR LEAVE TO AMEND

*J. The Plaintiff believes the Magistrate erred in his decision in relation to Motion For Leave to Amend*

   *xl.    Plaintiff argues related to why Court in its assertion that allowing Plaintiff motion would be futile. Plaintiff argue that allowing the Plaintiff to Amend her Complaint would be of good cause for the following :*

   *xli.   Plaintiff amendment is not untimely because discovery has not begun in this case.*

   *xlii.  Courts scheduling order did not allow equal time to the Plaintiff as it does to the attorney's, Court alerts the attorney's the day the Order is filed Plaintiff had to wait for mailing with takes away from the actual time of the 14 days given, which creates unequal balance to the pro se Plaintiff.*

   *xliii. Defendants are not forthcoming and have never been in providing the Plaintiff with answers to why they continued to provide false*

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

*information. Defendants have never given the Plaintiff a time they planned to stop reporting false information.*

xliv. *Plaintiff and an attorney had to get involved in an incident with another bank April 2012, to realize Defendants were still providing false information that the Plaintiff committed fraud.*

xlv. *Plaintiff argues that the statutes of limitation should apply in this case if the Plaintiff were to amend the complaint. (**See exhibit 20-29 and 34**).*

xlvi. *Plaintiff argues that (**EXHIBIT 11 and 13**), provides exact dates statement were made and what statement was made. (**EXHIBIT 17**) provides that these statements were false and not accurate about the Plaintiff.*

xlvii. *Plaintiff argues that (**EXHIBIT 11**) information was purposely black out to keep the Plaintiff from having knowledge of who was doing what, which cause delay and confusion in getting factual result to who cause the situation. Plaintiff attempted to reach person Mae Yang, and was told the person did not work for BOA.*

xlviii. *Plaintiff argues that the Defendants have had five –six years of providing false information to the public and agencies such as Chex*

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

*systems, early warning,etc,Plaintiff seeks equal time as the Court*

*allows in the interest of justice.*

**xlix.** *Plaintiff argues that the Court must consider that the EXHIBIT are*

*FACTS and the Defendants have been themselves to have provide*

*misrepresented FACTS, but the Court must also consider the*

*Defendants are not going to be forthcoming despite knowing they*

*were lying about the Plaintiff.*

**l.** *Plaintiff argues the Defendants have a pattern of this behavior with*

*consumers, as the attorney Kathryn M.Caimi, admitted, she sees*

*these all the time''.*

### *CONCLUSION*

*Plaintiff disagrees with Magistrate's Final Report and*

*Recommendation, and argues EXHIBITS provided to the Court*

*should allow the Court to reconsider its recommendation and allow*

*the Plaintiff the opportunity in the interest of justice to amend a*

*more carefully drafted complaint with all evidence gather b way of*

*discovery.*

*Plaintiff argues that she has provided to this Court statements by*

***EXHIBITS*** *that shed a light of a stated claim for relief against Bank*

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

of America,NA.Plaintiff  prays the Court to consider that Bank of
America is a corporation with experienced legal counsel to instruct
them when they are violating the law. Plaintiff argues does the
Court stand with such blatant disregard for the law. The relevant
pages are attached to the documents as **EXHIBITS** for the Courts
review. **DISMISSAL** of the Plaintiff's claim would serve to benefit
Bank of America, NA, fraudulent behaviors.

The Plaintiff Request the Court Reconsider the Plaintiffs arguments
in Light of Justice and GRANT plaintiff Leave to Amend, Extension
of Time and allow Plaintiff to assert her claims against the
Defendants Bank of America, NA.

Respectfully submitted this 21 day of May, 2014.

PILAR ASTON, Pro se

POB 19186
ATLANTA, GEORGIA 31126
678-906-6662

*Plaintiff has provided the Court several caregiver verification, Plaintiff has several others that are not attached that would require additional time to locate, many organization no longer exist or have sold to other companies, which creates delay of locating records.*

## IN UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

*PILAR ASTON Propria persona*
    *Plaintiff,*

*v.*

*BANK OF AMERICA,NA*
    *Defendants.*

*Civil Action No:1:13-*
    *cv-03991-RWS-JSA*

## CERTIFICATE OF SERVICE

*This will certify that I have this day caused to be served a copy of the within*

*andforegoing to Defendants the Plaintiffs* **OBJECTION TO MAGISTRATE'S**

**FINAL REPORT AND RECOMMENDATION ON A MOTION TO**

**DISMISS** *upon the following parties by placing the same in the United States*

*Mail, postage prepaid, addressed to:*

*Jarrod S. Mendel*
*McGuireWoods LLP*
*Promenade II*
*1230 Peachtree Street, N.E.*
*Suite 2100*
*Atlanta, GA 30309-3534*

May 6, 2010

PILAR ASTON

ATLANTA GA 31126

RE: Consumer ID          Pilar Aston

Dear Pilar Aston:

This letter is in response to your indication that the information listed below has been included in a bankruptcy filing.

Source of Information: BANK OF AMERICA MISSOURI
                       ST. LOUIS, MO
Reported Name:    PILAR W ASTON
Reported Address:  12850 HIGHWAY 9 N # 600-1
                   ALPHARETTA, GA  30004
Reported SSN/ID: XXX-XX-XXXX
Drivers License:  State:
RTN: 061000052   Account: 334018280073
Date Reported: 05/05/2008
Reported For: SUSPECTED FRAUD ACTIVITY
Debt Reported: ChexSystems has no debt information available.
May we suggest that you contact the source of the information
to determine whether or not a debt is owed.

Source of Information: BANK OF AMERICA MISSOURI
                       100 NORTH BROADWAY,
                       ST. LOUIS, MO   63102
                       Telephone number not available
Reported Name:    PILAR W ASTON
Reported Address:  12850 HIGHWAY 9 N # 600-1
                   ALPHARETTA, GA  30004
Reported SSN/ID: XXX-XX-XXXX
Drivers License:  State:
RTN: 061000052   Account: XXXXXXXX9610
Date Reported: 04/17/2008
Reported For: ACCOUNT ABUSE
Original Charge Off Amount: $395.03
Closure Status: NOT REPORTED

EXHIBIT 1

## Claim Payment Detail ( 08-2010153 )                    *1st draft*

**Payment Information**

| | | | |
|---|---|---|---|
| **Disbursement Number:** | 456040492 | **Total Amount:** | $4,070.16 |
| **EFT Trace Number:** | | **Invoice Number:** | |
| **Paid To:** | YUSSIF ABUBAKAR AND******************************************** | | |
| | ALL CREDIT ACCEPTANCE, ONLY******************************************** | | |
| **Mailing Address:** | 4763 BRYANT DRIVE | | |
| | SNELLVILLE, GA 30039 USA | | |
| **In Payment Of:** | COLLISION DAMAGE TO 04 TRAILBLAZER LESS $1000 DEDT | | |

**Vendor Information**

| | | |
|---|---|---|
| **Name:** | | **1099 Required:** |
| **Type:** | | |

**Reviewed Summary**

| | | |
|---|---|---|
| **Issuing Rep:** | SCH0008 | **Approved By:** |
| **Issue Date:** | 03-27-08 | **Review Date:** |
| **Last Updated Rep:** | SCH0008 | **Reviewed By:** |

**Bank Information**

| | | | |
|---|---|---|---|
| **Type:** | Loss | **Bank Code:** | AS2 |
| **Stop Reason:** | Other | **Cleared:** | No |
| **Stop Date:** | 04-14-08 | | |

**Exposure Detail: COLL**

| | | | |
|---|---|---|---|
| **Party Name:** | ABUBAKAR, YUSSIF | **Amount Paid:** | $4,070.16 |
| **Property Description:** | 04 CHEVR TRAILBLAZERSW | **Deductible Taken:** | $1,000.00 |
| **Payment Type:** | FINAL PAYMENT | **Property Damage:** | $0.00 |
| | | **Rental:** | $0.00 |

EXHIBIT 3

## Claim Payment Detail ( 08-2010153 )

*2nd draft*

### Payment Information

| | | | |
|---|---|---|---|
| **Disbursement Number:** | 456252003 | **Total Amount:** | $4,070.16 |
| **EFT Trace Number:** | | **Invoice Number:** | |
| **Paid To:** | YUSSIF ABUBAKAR AND*********************************** | | |
| | ALL CREDIT ACCEPTANCE, ONLY******************************** | | |
| **Mailing Address:** | 4763 BRYANT DRIVE | | |
| | SNELLVILLE, GA 30039 USA | | |
| **In Payment Of:** | COLLISION DAMAGE TO 04 TRALBLAZER LESS $1000 DEDT | | |

### Vendor Information

| | |
|---|---|
| **Name:** | **1099 Required:** |
| **Type:** | |

### Reviewed Summary

| | | | |
|---|---|---|---|
| **Issuing Rep:** | SCH0008 | **Approved By:** | |
| **Issue Date:** | 04-14-08 | **Review Date:** | |
| **Last Updated Rep:** | SCH0008 | **Reviewed By:** | |

### Bank Information

| | | | |
|---|---|---|---|
| **Type:** | Loss | **Bank Code:** | AS2 |
| **Stop Reason:** | | **Cleared:** | 04-16-08 |
| **Stop Date:** | | | |

### Exposure Detail: COLL

| | | | |
|---|---|---|---|
| **Party Name:** | ABUBAKAR, YUSSIF | **Amount Paid:** | $4,070.16 |
| **Property Description:** | 04 CHEVR TRAILBLAZERSW | **Deductible Taken:** | $1,000.00 |
| **Payment Type:** | SUPPLEMENTAL PAYMENT | **Property Damage:** | $0.00 |
| | | **Rental:** | $0.00 |

EXHIBIT 4

From: Julie A Nalow <Julie_Nalow@progressive.com>
To: inkmatters11 <inkmatters11@aol.com>
Subject: Draft Copy
Date: Fri, Feb 21, 2014 2:25 pm



*041000014*
04/16/2008
6617293663

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.

| Policy # 33382155-000 | Insured ASTON, PILAR W | Date Issued 4/14/2008 | Area Code 640 | Draft Number 456252003 | |
| Claim # 08201015J | Claimant ABUBAKAR, YUSSIF | Date of Loss 3/19/2008 | State Code GA | Office Issued At GA-1DEKT-GRP- | PAC |

PAY   FOUR THOUSAND SEVENTY AND 16/100

Dollars $*******4,070.16**

In Payment of:
COLLISION DAMAGE TO 04 TRAILBLAZER LESS $1000 DEDT

Cust Code 23PCL

Payable through   **National City Bank**
MIDLAND, OHIO 1-877-448-7941

Pay   YUSSIF ABUBAKAR AND****************************
To    ALL CREDIT ACCEPTANCE, ONLY**********************
      4763 BRYANT DRIVE
      SNELLVILLE GA 30039

Progressive Mountain Insurance Company

BY   _Scott Virril_
AUTHORIZED SIGNATURE

*456252003* *041203895* 7701870*                    *000004070016*

*456252003*    *041203895*    7701870*    *000004070016*

Thank you,

Julie Nalow

Draft Control

Progressive Insurance

440-395-2245 phone

440-395-2840 fax

625-2245 network

EXHIBIT 5

**From:** Lance H Burton <Lance_H_Burton@Progressive.com>
**To:** INKMATTERS11 <INKMATTERS11@AOL.COM>
**Subject:** Progressive claim 08-2010153 - Information re: Stopped Draft
**Date:** Thu, Dec 5, 2013 9:49 am

## Per your request

## Payment Information

Disbursement Number:456040492

Total Amount:        $4,070.16
Invoice Number:

## EFT Trace Number:
Paid To:YUSSIF ABUBAKAR AND**************************************

ALL CREDIT ACCEPTANCE, ONLY*******************************

Mailing Address:4763 BRYANT DRIVE
SNELLVILLE, GA 30039 USA
In Payment Of:COLLISION DAMAGE TO 04 TRAILBLAZER LESS $1000 DEDT

## Vendor Information

Name:
Type:

1099 Required:

## Reviewed Summary

Issuing Rep:SCH0008
Issue Date:03-27-08
Last Updated Rep:SCH0008

Approved By:                                    EXHIBIT 6
Review Date:
Reviewed By:

## Bank Information

Type:Loss
Stop Reason:Other
Stop Date:04-14-08

Bank Code:AS2
Cleared:No

**From:** Lance H Burton <Lance_H_Burton@Progressive.com>
**To:** INKMATTERS11 <INKMATTERS11@AOL.COM>
**Subject:** Progressive Claim - reissued check
**Date:** Thu, Dec 5, 2013 9:50 am

## Payment Information

Disbursement Number:456252003

Total Amount:        $4,070.16
Invoice Number:

**EFT Trace Number:**
Paid To:YUSSIF ABUBAKAR AND**************************************

ALL CREDIT ACCEPTANCE, ONLY*********************************

Mailing Address:4763 BRYANT DRIVE
SNELLVILLE, GA 30039 USA
In Payment Of:COLLISION DAMAGE TO 04 TRALBLAZER LESS $1000 DEDT

## Vendor Information

Name:
Type:

1099 Required:

## Reviewed Summary

Issuing Rep:SCH0008
Issue Date:04-14-08
Last Updated Rep:SCH0008

Approved By:
Review Date:
Reviewed By:

## Bank Information

EXHIBIT 7

Type:Loss
Stop Reason:
Stop Date:

Bank Code:AS2
Cleared:04-16-08

**Exposure Detail: COLL**

Consumer Relations
7805 Hudson Rd Suite 100
Woodbury, MN 55125
800.513.7125

**ChexSystems**

B0259362

February 1, 2009

25
PILAR W ASTON

ChexSystems will reinvestigate any item listed in your consumer report that you believe may be inaccurate or incomplete. In order for a reinvestigation to be initiated, please complete the enclosed form and mail it to the address listed above in our letterhead or by fax to 602-659-2197.

This report was prepared for PILAR W ASTON

| Consumer ID: 19656968 for PILAR W ASTON |
|---|
| Please provide your Consumer ID number, along with your Social Security number, in any future contact with ChexSystems. |

| Reported Information |
|---|
| Reported Information refers to reports of accounts that have been mishandled, reported for cause, and/or outstanding debts. Reported Information is submitted directly to ChexSystems by members of our service which consists mainly of financial institutions. Our current practice is to retain this information for a period of five years. |
| SSN/ID indicates a Social Security number, Individual Taxpayer Identification number, Tax ID number, or Employer ID number. |

Source of Information: BANK OF AMERICA MISSOURI
ST. LOUIS, MO
Reported Name:      PILAR W ASTON
Reported Address:   12850 HIGHWAY 9 N # 600-1
                    ALPHARETTA, GA  30004
Reported SSN/ID: XXX-XX
Drivers License:    State:
RTN: 061000052    Account:
Date Reported: 05/05/2008
Reported For: SUSPECTED FRAUD ACTIVITY
Debt Reported: ChexSystems has no debt information available.
May we suggest that you contact the source of the information to determine whether or not a debt is owed.

Source of Information: BANK OF AMERICA MISSOURI
ST. LOUIS, MO
Reported Name:      PILAR W ASTON
Reported Address:   12850 HIGHWAY 9 N # 600-1
                    ALPHARETTA, GA  30004
Reported SSN/ID: XXX-XX
Drivers License:    State:
RTN: 061000052    Account:
Date Reported: 05/05/2008
Reported For: SUSPECTED FRAUD ACTIVITY
Original Charge Off Amount: $89.00

Source of Information: BANK OF AMERICA MISSOURI



Reply ID: 10259362-7

000001 of 000012

000150

1

EXHIBIT 8

**ChexSystems**

## REQUEST FOR CONSUMER STATEMENT

You are entitled to add a statement to any item of information contained in your consumer file. Should you wish to add a statement, please complete this form and mail it to ChexSystems, Attn: Consumer Relations, 7805 Hudson Road, Suite 100, Woodbury, MN, 55125 or fax it to 602-659-2197. If you would like assistance in writing a clear summary of your dispute statement, please contact ChexSystems at 800-513-7125.

### SECTION 1 – CONSUMER PERSONAL IDENTIFIERS

Consumer ID (obtain from consumer report)

Full Name: _Ian Aston_     Social Security Number:

Drivers License Number: _____     State of Issuance: _____

Business Name (if applicable): _____     Tax ID#: _____

Current Address: _____

### SECTION 2 – REQUEST FOR CONSUMER STATEMENT

Please provide the information below for each item you wish to add your statement to.

_False information_
1. Source of information statement is being added to: _Bank of_
Account number: _3371808_     Date listed on item: _5-5-2008_

_Fals information_
2. Source of information statement is being added to: _Bank_
Account number: _3470 162 57668_     Date listed on item: _5-5-2008_

_Fake information_
3. Source of information statement is being added to: _Bank_
Account number: _35400079676_     Date listed on item: _4-8-2008_

4. Source of information statement is being added to: _____
Account number: _____     Date listed on item: _____

Please provide the exact text you wish to be added as your statement. Use additional pages if needed. Please limit your statement to 100 words (200 words for residents of Maine). Your statement must be written in your own words, and may not contain names of any other individuals or companies not associated with the information.

_____
_____
_____
_____
_____

Consumer Signature     Date _3 March 2009_

EXHIBIT 9

# **ChexSystems**

## CONSUMER REQUEST FOR REINVESTIGATION

ChexSystems will reinvestigate any item listed in your consumer report that you believe may be inaccurate or incomplete. In order for a reinvestigation to be initiated, please complete this form and mail it to ChexSystems, Attn: Consumer Relations, 7805 Hudson Road, Suite 100, Woodbury, MN, 55125 or fax it to 602-659-2197. ChexSystems will contact the source of the information to notify them of your dispute and will inform you of the results of the reinvestigation by mail within approximately 30 days. In order for us to perform a complete reinvestigation, please provide all of the following information:

RECD APR 0 6 2009

**SECTION 1 – CONSUMER PERSONAL IDENTIFIERS**

Consumer ID (obtain from consumer report): _____

Full Name: _____   Social Security Number: ____-__-____

Drivers License Number: _____  State of Issuance: _____

Business Name (if applicable): _____  Tax ID#: ___-_____

Current Address: _____

**SECTION 2 – REQUEST FOR REINVESTIGATION**

If disputing multiple items please provide the information below for each disputed item.  Use additional paper if needed.

1. Source of Disputed Information: _Bank of America_
Account number: 2401827073  Date listed on disputed item: _____

2. Source of Disputed Information: _Bank of America_
Account number: 224016234668 Date listed on disputed item: _____

3. Source of Disputed Information: _Bank of America_
Account number: 33400247196 10Date listed on disputed item: _____

4. Source of Disputed Information: _
Account number: _____  Date listed on disputed item: _____

Nature of dispute:
Please provide a detailed explanation of your specific dispute of each item.  Use additional paper if needed.
_____
_____
_____
_____
_____

Consumer Signature _____    Date  2 - 10 - 2009



000011 of 000012                    000150

EXHIBIT 10

CD CID 14247040

Yang, Mae

**From:** ████████████████████████████████████

**Sent:** Friday, April 10, 2009 9:22 AM
**To:** Mail_CR_Dispute_Resolution
**Cc:** █████████████

RECD APR 1 6 2009

**Subject:** RE: CD-CID 14247040

Account *9610* *0073 and *4668* have balances due  Reports are correct and to remain.

This report of **Suspected Fraud is Accurate and should remain** on Chex System. Customer can file a dispute with Bank of America Risk Closure Department at 1-877-240-6886 opt 2 Monday- Friday 8:00 a.m. until 5:00p.m.est.

Thanks in advance

████████████

**From:** ████████████████████████████████
**Sent:** Thursday, April 09, 2009 3:44 PM
**To:** Recovery Management-BLT
**Subject:** CD CID 14247040

April 9, 2009

**From:** ████████████       Dispute Received Date: April 6, 2009

Agent ID: 301603       Response Due Date: May 4, 2009

Phone: 800-328-5121, ext.6520       Reference CID: 14247040

Fax: (602) 659-2910

ChexSystems Request for Reinvestigation

The information listed below has been disputed by the consumer.

Source of Information: BANK OF AMERICA MISSOURI

ST. LOUIS, MO

Reported Name:   PILAR W ASTON

Reported Address:  12850 HIGHWAY 9 N # 600-1

4/10/2009

EXHIBIT 11

CD CID 14247040

ALPHARETTA, GA  30004

Reported SSN/ID: ███████

Drivers License:  State:

RTN: 061000052   Account: 334016234668

Date Reported: 05/05/2008

Reported For: REPORT IS DISPUTED BY THE CONSUMER(S)

SUSPECTED FRAUD ACTIVITY

Original Charge Off Amount: $89.00

Source of Information: BANK OF AMERICA MISSOURI

ST. LOUIS, MO

Reported Name:    PILAR W ASTON

Reported Address:  12850 HIGHWAY 9 N # 600-1

ALPHARETTA, GA  30004

Reported SSN/ID: ███████

Drivers License:  State:

RTN: 061000052   Account: 334007719610

Date Reported: 04/17/2008

Reported For: REPORT IS DISPUTED BY THE CONSUMER(S)

ACCOUNT ABUSE

Original Charge Off Amount: $395.03

Source of Information: BANK OF AMERICA MISSOURI

ST. LOUIS, MO

Reported Name:    PILAR W ASTON

Reported Address:  12850 HIGHWAY 9 N # 600-1

ALPHARETTA, GA  30004

Reported SSN/ID: ███████

4/10/2000

EXHIBIT 12

CD CID 14247040

Drivers License: State:

RTN: 061000052 Account: 334018280073

Date Reported: 05/05/2008

Reported For: REPORT IS DISPUTED BY THE CONSUMER(S)

    SUSPECTED FRAUD ACTIVITY

Debt Reported: ChexSystems has no debt information available.

May we suggest that you contact the source of the information

to determine whether or not a debt is owed.

Reason for Reinvestigation: The consumer states that the reported information is false. Please verify the accuracy of the reported information and verify the suspected fraud activity based on the following guidelines:

****Note: The reason for report on this account is Suspected Fraud Activity. The standard for reporting fraud is alleged intentional or willful violation of financial institution checking account privileges or policies to obtain unauthorized benefits or rights. In addition to verifying the account based on the nature of the consumer dispute, please also verify that the reporting meets this standard. If the reporting does not meet this standard, and you wish the report to remain on our files, please provide an appropriate reporting alternative. If this information is not received, the information submitted by your institution will be removed from our database.

Does the reason your institution reported suspected fraud activity meet the required standard described above?
Yes _____ No _____ If no, please provide an alternate reason for reporting. _____

If ChexSystems does not receive a response to this reinvestigation request from you by the response due date listed above, we will be required to remove the disputed item from our files. This email may be the only notification we provide to you; therefore your timely response is crucial.

If this information is deleted as a result of the consumer's dispute, and for any reason needs to be reinserted, please contact the Consumer Relations department directly, as your institution must certify this information before it can be reinserted. This will also enable us to notify the consumer of the reinsertion as required by the Federal Fair Credit Reporting Act.

<u>Confidentiality Notice</u>

This transmission is intended only for the addressee(s) named above. It contains information that is privileged, confidential or otherwise protected from use and disclosure. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying or dissemination of this transmission or the taking of any action in reliance on its contents, or other use is strictly prohibited. If you receive this transmission in error, please notify us by telephone immediately. Thank you for your cooperation.

_____

The information contained in this message is proprietary and/or confidential. If you are not the intended recipient, please: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately. In addition, please be aware that any message addressed to our domain is subject to archiving and review by persons other than the intended recipient. Thank you.

_____

4/10/2009

EXHIBIT 13

April 15, 2009

PILAR ASTON

RE: Consumer ID          for PILAR ASTON

Dear PILAR ASTON:

This letter is to inform you that the reinvestigation of your dispute regarding reports submitted by Bank of America has been completed. The reinvestigation of your dispute regarding collection information submitted by
                                    is still in the process of being conducted by ChexSystems Collection Agency. You will receive communication directly from them once it has been completed.



The disputed information submitted by Bank of America has been verified as accurate and complete as reported, therefore it has been retained in your file. Enclosed is a copy of the information currently contained in your consumer report at ChexSystems based on the results of our reinvestigation.

The source of the information has requested that you contact Risk Closure Department at 877-240-6886 option 2 to obtain additional information.

If requested by you, ChexSystems will provide you with a description of the procedure used to determine the accuracy and completeness of the disputed information in your file. In addition, you are entitled to request and receive the business name, address and, if reasonably available, the telephone number, of any furnisher of information contacted in connection with your dispute.

You are entitled to add a statement to your file disputing the accuracy or completeness of the information. Please submit your statement in writing with a clear indication that you wish the statement to be added to your file, ensuring that you sign your request. If you would like assistance in writing a clear summary of your dispute statement, please contact ChexSystems.

If, in connection with a reinvestigation, any information has been deleted from your file or a statement of dispute (or codification or summary thereof) is added to your file, you have the right to request ChexSystems to furnish notification that the item has been deleted or of the statement (or codification or summary thereof) added to your file to any person you specifically designate who has received within the prior one year period a consumer report which contained the deleted or disputed item.

If you have any questions please refer to the frequently asked questions included with this correspondence. You may also contact us at the address or telephone number listed above in our letterhead or by fax at 602-659-2197.

In any future contact with us, please include your Social Security number and Consumer ID.

Sincerely,

Consumer Relations
Chex Systems, Inc.

EXHIBIT 16

YANCEY/MET J050660
PO BOX 2246
LILBURN, GA 30048

**PROGRESSIVE**®
DRIVE®Insurance

PILAR W ASTON
4763 BRYANT DRIVE
SNELLVILLE, GA 30039

**Policy number: 33282155-0**
Underwritten by:
Progressive Mountain Insurance Co
January 1, 2008
Policy Period: Dec 10, 2007 - Jun 10, 2008
Page 1 of 2

**678-218-0232**
**YANCEY/MET J050660**
Contact your agent for personalized service.

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**800-274-4499**
To report a claim.

# Auto Insurance
# Coverage Summary
## This is your Declarations Page
## Your coverage has changed

Your coverage began on December 10, 2007 at the later of 12:01 a.m. or the effective time shown on your application. This policy period ends on June 10, 2008 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy contract is form 9610A GA (08/05). The contract is modified by forms Z445 GA (03/07) and Z538 (05/07).

## Policy changes effective December 26, 2007

| Changes requested on: | Dec 26, 2007 02:58 p.m. |
|---|---|
| Requested by: | PILAR W ASTON |
| Premium change: | $0.00 |
| Changes: | YUSSEF ABUBAKAR has been added to the policy. |

## Drivers and household residents

| | Age | Gender | Marital Status |
|---|---|---|---|
| PILAR W ASTON | 41 | Female | Single |
| Additional Information: | Named insured | | |
| YUSSEF ABUBAKAR | 37 | Male | Single |

EXHIBIT 14

Form 6489 GA (01/05)


Continued

## Outline of coverage

### 2004 Chevrolet Trailblazer EX Ls/Lt
VIN: 1GNES16S845105216

| Garaging Zip Code: 30039 | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $303 |
| Bodily Injury Liability | $50,000 each person/$100,000 each accident | | |
| Property Damage Liability | $50,000 each accident | | |
| Uninsured Motorist | | | 31 |
| Uninsured Motorist Bodily Injury | $50,000 each person/$100,000 each accident | | |
| Uninsured Motorist Property Damage | $25,000 each accident | $250 | |
| Comprehensive | Actual Cash Value | $1,000 | 44 |
| Collision | Actual Cash Value | $1,000 | 288 |
| Rental Reimbursement | $30 each day/maximum 30 days | | 23 |
| Roadside Assistance | | | 6 |
| **Total 6 month policy premium** | | | **$695** |

## Premium discounts

| Policy | |
|---|---|
| 33282155-0 | 3 year accident and violation free and home owner |

## Company officers

Danie O. Shallow

Secretary

## For company use only

| Year | Make | Model | VIN | Bodily Injury | Comprehensive | Collision |
|---|---|---|---|---|---|---|
| 2004 | Chevrolet | Trailblazer EX Ls/Lt | 1GNES16S846105216 | 14 | 08 | 06 |

EXHIBIT 15

PROGRESSIVE CLAIMS
4250 INTERNATIONAL BLVD
NORCROSS, GA 30093

**_PROGRESSIVE_**®

**Underwritten By:**
**Progressive Mountain Insurance**
**Company**

Claim Number: 08-2010153
Loss Date: March 19, 2008
Document Date: April 8, 2014
Page 1 of 1

PILAR W ASTON

**claims.progressive.com**
Track the status and details of your claim,
e-mail your representative or report a
new claim.

# Claim Information

Dear Ms Aston,

In regards to the captioned claim, there were 2 drafts issued in the amount of $4070.16. These drafts were issued in regards to a claim, on a policy which belonged to Pilar Aston for repairs to a 2004 Chevy Trailblazer.

The first draft was issued on March, 27, 2008. We were later advised that this draft was lost, so we stopped payment on that draft and reissued the draft on April 14, 2008. The original draft was never presented for payment. The second draft did clear our account.

STEVEN PEPPERS
Claims Department
1-404-439-7124
1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-404-439-7143

Form Z587 XX (01/08) - GA

EXHIBIT 17

**From:** Mendel, Jarrod S. <JMendel@mcguirewoods.com>
  **To:** inkmatters11 <inkmatters11@aol.com>
  **Cc:** Caimi, Kathryn M. <kcaimi@mcguirewoods.com>
**Subject:** Aston v. Bank of America
  **Date:** Mon, Dec 9, 2013 6:43 pm
**Attachments:** 2-main.pdf (127K), 2-1.pdf (194K)

Ms. Aston,

Attached is the motion to dismiss and brief we filed this evening. A copy is coming to you in the mail, but Kate said that you asked for a copy via e-mail as well.

Jarrod S. Mendel
McGuireWoods LLP
Promenade II
1230 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30309-3534
404.443.5713 (Direct Line)
404.443.5687 (Direct FAX)
jmendel@mcguirewoods.com

_____

*This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

EXHIBIT 18

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| PILAR ASTON | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 1:13-cv-03991-RWS-JSA |
| | ) |
| BANK OF AMERICA CORPORATION | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
## MOTION TO DISMISS

COMES NOW Defendant Bank of America Corporation[1] ("BANA"), by and through counsel, and respectfully moves this Court to dismiss Plaintiff's Complaint (the "Complaint" or "Compl.") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, BANA provides the following memorandum of points and authorities.

# EXHIBIT A

---

[1] Plaintiff names "Bank of America Corporation" as a defendant. Bank of America, Corp. is a holding company, and, therefore, is not a proper party to this lawsuit. Defendant assumes that Plaintiff intended to name Bank of America, N.A. Bank of America, N.A. and Bank of America, Corp. are separate legal entities. Defendant reserves the right to raise any defenses related to this improper party designation.

## I.    INTRODUCTION & BACKGROUND

Plaintiff filed this action on October 31, 2013 in the State Court of Fulton County, Georgia. Moving Defendant timely removed this action to this Court on December 2, 2013.

This lawsuit arises out of an incident that occurred with regard to Plaintiff's banking account in April 2008. Compl. ¶ 3. Plaintiff alleges that after depositing a check into her account at BANA, BANA confiscated the check, closed the account and reported negative information to the credit reporting agencies. Compl. ¶¶ 4, 8. At that time, Plaintiff alleges that she disputed the information and was told that the information was being reported accurately. Compl. ¶ 11. In 2010, Plaintiff filed for bankruptcy. Compl. ¶ 12. Plaintiff asserts that she believed that bankruptcy would clear information reported by BANA to the credit reporting agencies. Compl. ¶ 13. Thereafter, in October 2013, more than five years after the transaction and dispute, Plaintiff filed this action.

It appears that Plaintiff is filing this lawsuit based on a misconception that filing for bankruptcy would remove negative information from a credit report. However, Plaintiff has fallen short of the necessary standard to properly set forth a claim against BANA. Thus, her counts for violation of the Federal Credit

2

Reporting Act ("FCRA") and the Georgia Fair Business Practices Act ("GFBPA")

cannot survive a motion to dismiss.  Moreover, Plaintiff's FCRA claims are barred

by the applicable statute of limitations.  As such, dismissal of all claims against

BANA is therefore appropriate

## ARGUMENT AND CITATION OF AUTHORITIES

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint

for "failure to state a claim upon which relief can be granted."  In ruling on the

pending Motion to Dismiss, all of the well-pleaded factual allegations in Plaintiff's

Complaint must be accepted as true and construed in the light most favorable to

Plaintiff.  See Young Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027, 1037

(11th Cir. 2008).  However, "unsupported conclusions of law or of mixed fact and

law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  Marsh v.

Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of

his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v.

Twombly, 550 U. S. 544, 555 (2007) (citations and quotations omitted).  More

3

specifically, "a complaint must contain sufficient factual matter, accepted as true,
to state a claim to relief that is plausible on its face. A claim has facial plausibility
when the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a
Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true,
'must be enough to raise a right to relief above the speculative level.'" United
Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting Twombly,
550 U.S. at 555).

## II.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE EACH CAUSE OF ACTION FAILS AS A MATTER OF LAW

As a threshold matter, Plaintiff's FCRA claims as set forth in Counts 1-3 are
barred by the applicable statute of limitations. In addition, each of Plaintiff's legal
theories fails as a matter of law. Plaintiff's purported legal claims are either
erroneous or improperly/insufficiently pled and are subject to dismissal for failure
to state a cognizable claim.

### A.  Plaintiff's FCRA Claims are Barred by the Statute of Limitations

A violation of FCRA claim must be brought either: 1) within two years of
the plaintiff's discovery of the violation; or 2) within five years of the date of the
violation, whichever is earlier. 15 USC § 1681p. The statute specifically provides

4

that the limitations period is the *earlier of* five years from the date of the violation *or* two years from discovery of the violation. *Id*.

Plaintiff alleges that she deposited a check into her account at BANA on April 4, 2008. Compl. ¶ 7.    Plaintiff further alleges that BANA confiscated Plaintiff's check, closed the account the next day and reported her to credit reporting agencies of fraud in April 2008. Compl. ¶ 8.    Plaintiff admits that after she disputed the information, it remained on her credit report for three years until 2010 when she filed for bankruptcy. Compl. ¶¶ 11-12.    Accordingly, it is clear that the Plaintiff discovered the violation in 2008.    Because more than two years have passed, Plaintiff's claim must fail with regard to 15 USC § 1681p(1) .    In addition, Plaintiff alleges that BANA furnished the information in dispute to the credit reporting agencies in April 2008.    Thus, because more than five years have passed since April 2008, Plaintiff's claim also must fail with regard to 15 USC§ 1681p(2). Plaintiff's FCRA claims in Counts 1, 2, and 3 are time-barred and must fail as a matter of law.

**B.    Counts 2 and 3 of Plaintiff's Complaint do not apply to furnishers.**

Plaintiff's Counts 2 and 3 point specifically to certain sections of the FCRA. However, the specific provisions cited do not apply to those who furnish credit information.    BANA furnishes information to consumer reporting agencies about

5

the transactions or experiences with any consumer. BANA is not a credit bureau or consumer credit reporting agency under the FCRA. 15 USC § 1681a. The only provision of the FCRA that applies to those who furnish credit information is 15 USC § 1681s-2(b); the remainder of the FCRA applies to the credit reporting agencies. *Chipka v. Bank of Am.,* 355 Fed. Appx. 380, 383 (11th Cir. 2009).

Plaintiff cites to 15 USC § 1681i and 15 USC § 1681o as the basis for the claims in Count 2 and 3 of her Complaint. Compl. ¶¶ 19 – 21. These provisions of the FCRA do not provide redress against BANA for her claims. As such, Count 2 and 3 of Plaintiff's Complaint must be dismissed for failure to state a claim.

### C. Plaintiff's State Law Claim is Preempted by the FCRA.

Plaintiff's state law claim against BANA is one for violation of the Georgia Fair Business Practices Act ("GFBPA"). (*See* Compl. ¶ 22). To the extent that this claim relates to Defendant's reporting and investigative duties of credit information, they are preempted by the federal Fair Credit Reporting Act ("FCRA").

The FCRA imposes certain requirements on credit reporting agencies and furnishers of credit information. *See* 15 U.S.C. § 1681. Congress amended the FCRA in 1996 to impose civil liability on furnishers of credit information. At the same time, Congress also implemented section 1681t(b)(1)(F) and its preemption

6

measures to ensure that furnishers were regulated solely under the FCRA. Therefore, all state law claims, including both statutory and common law claims, which involve Defendant's responsibilities under the FCRA are preempted by § 1681t(b)(1)(F) and § 1681h(e). *See,* 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State--(1) with respect to any subject matter regulated under . . . § 623 [15 USCS § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies."); 15 USCS § 1681h(e) ("[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency."); *See also*, *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1376 (N.D. Ga. 2004) ("Preemption under 1681t(b)(1)(F) applies to state statutory law claims and 15 U.S.C. 1681h(e) applies to state common law claims."); *Westbrooks v. Fifth Third Bank*, 2005 U.S. Dist. LEXIS 45078, *19-20 (M.D. Tenn. Nov. 30, 2005) (dismissing Plaintiff's TCPA and defamation  claim due to a finding that both were preempted by the FCRA because the allegations pertained to subject matter regulated by § 1681s-2); *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 509 (W.D. Tenn. 1999) (finding that plaintiff's TCPA claims were preempted by § 1681t(b)(1)(F)) of the

7

FCRA); *Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002); *Jaramillo v. Experian Information Solutions, Inc.*, 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001). Accordingly, the FCRA preempts any state law claims relating to the liability of furnishers or users of credit information.

In this case, Plaintiff alleges that because of the alleged false information that was reported by BANA to the credit reporting agencies, BANA has violated Georgia's Fair Business Practices Act. Compl., ¶ 22. As set forth above, this claim is preempted and Plaintiff's Complaint should be dismissed with prejudice.

## III. CONCLUSION

WHEREFORE, Defendant respectfully requests that this Honorable Court grant this Motion to Dismiss and dismiss Plaintiff's action with prejudice.

This 9th day of December, 2013.

/s/ Jarrod S. Mendel
Andrew G. Phillips
Georgia Bar No. 575627
Jarrod S. Mendel
Georgia Bar No. 435188
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (Telephone)
(404) 443-5773(Facsimile)
aphillips@mcguirewoods.com
jmendel@mcguirewoods.com

8

*Attorneys for Defendant Bank of America Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PILAR ASTON )
)
Plaintiff, )
) CIVIL ACTION FILE
v. ) NO. 1:13-cv-03991-RWS-JSA
)
BANK OF AMERICA CORPORATION )
)
Defendant. )
_____ )

### **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on December 9, 2013, I electronically filed the

foregoing *Defendant's Memorandum in Support of its Motion to Dismiss* with

the Clerk of the Court using the CM/ECF System and served a true and correct

copy of same to:

Pilar Aston
POB 19186
Atlanta, GA 31126
*Plaintiff, pro se*

I further certify that I prepared this document in 14 point Times New Roman

font and complied with the margin and type requirements of this Court.

_____ /s/ Jarrod S. Mendel _____

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PILAR ASTON | ) |
| | ) |
| Plaintiff, | ) |
| | )    CIVIL ACTION FILE |
| v. | )    NO. 1:13-cv-03991-RWS-JSA |
| | ) |
| BANK OF AMERICA CORPORATION | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MOTION TO DISMISS

COMES NOW Defendant Bank of America Corporation[1] ("BANA"), by and through counsel, and respectfully moves this Court to dismiss Plaintiff's Complaint (the "Complaint" or "Compl.") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendant relies upon the Memorandum of Law filed contemporaneously herewith.

---

[1] Plaintiff names "Bank of America Corporation" as a defendant. Bank of America, Corp. is a holding company, and, therefore, is not a proper party to this lawsuit. Defendant assumes that Plaintiff intended to name Bank of America, N.A. Bank of America, N.A. and Bank of America, Corp. are separate legal entities. Defendant reserves the right to raise any defenses related to this improper party designation.

This 9th day of December, 2013.

/s/ Jarrod S. Mendel
Andrew G. Phillips
Georgia Bar No. 575627
Jarrod S. Mendel
Georgia Bar No. 435188
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5724 (Telephone)
(404) 443-5773(Facsimile)
aphillips@mcguirewoods.com
jmendel@mcguirewoods.com

*Attorneys for Defendant Bank of America Corporation*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PILAR ASTON | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 1:13-cv-03991-RWS-JSA |
| | ) |
| BANK OF AMERICA CORPORATION | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on December 9, 2013, I electronically filed the

foregoing *Motion to Dismiss* with the Clerk of the Court using the CM/ECF

System and served a true and correct copy of same to:

Pilar Aston
POB 19186
Atlanta, GA 31126
*Plaintiff, pro se*

I further certify that I prepared this document in 14 point Times New Roman

font and complied with the margin and type requirements of this Court.

/s/ Jarrod S. Mendel



**HOUSTON HEALTHCARE**
*Houston Medical Center • Perry Hospital*

April 4, 2014

Pilar Astin

P O Box 19186

Atlanta, GA 31126

Dear Ms. Astin,

I have listed below the Houston Medical Center dates of service for your parents per your telephone request.

| | |
|---|---|
| James Rutherford – | March 26, 2006 – April 4, 2006 (Inpatient) |
| Janet Rutherford - | December 27, 2005 – January 4, 2006 (Inpatient) |
| | January 10, 2006 – January 12, 2006 (Inpatient) |
| | January 21, 2006 (ER) |
| | March 28, 2006 (ER) |
| | April 2, 2006 (ER) |

If you need additional information, please feel free to contact me.

Sincerely,

Susan M. Marshall, RHIA

EXHIBIT 20

Susan M. Marshall, RHIA

Operations Manager

HOUSTON MEDICAL CENTER
1601 Watson Boulevard • Warner Robins, GA 31093
Phone: (478) 922-4281

www.hhc.org

PERRY HOSPITAL
1120 Morningside Drive • Perry, GA 31069
Phone: (478) 987-3600


SAINT JOSEPH'S

5665 Peachtree Dunwoody Road, NE, Suite 126 - Atlanta, GA 30342
www.saintjosephsatlanta.org

A member of Catholic Health East, sponsored by the Sisters of Mercy

April 3, 2014

Mrs. Janett F. Rutherford

███████████

Alpharetta, GA 30004

Subject: **Janett F. Rutherford, MRN**███████

Dear Sir/Madam:

**This letter is for verification purpose only.** This is to inform you that our records show that patient **Janett F. Rutherford (**████**)** was treated at Emory Saint Joseph's Hospital of Atlanta for the following date(s):

> 1) **April 17, 2006 to April 19, 2006 (ER/Inpatient Visit),
>    Dr. Nirma J. Sharma**

If you have any future inquiries, feel free to reach me at (678) 843-7303. Thank you for your cooperation.

Sincerely Yours,

Tracy E. Anderson

Medical Records Clerk

*Health Information Management*

tea

EXHIBIT 21



April 9, 2014

Dear Ms. Pilar Aston:

As requested, the dates of service for your parents are as follows:

James Rutherford
4/4/2006 to 4/19/2006

Janet Rutherford
4/13/2006 to 4/17/2006
1/30/2007 to 1/30/2007
4/25/2007 to 4/26/2007

Sincerely,

Anne Reed, RHIA
Health Information Management Director

EXHIBIT 22

Rutherford



*Sacred Journey*
HOSPICE

April 8, 2014

RE: Janet Rutherford
RE: James Rutherford

To: Whom It May Concern:

Mrs. Janet Rutherford was admitted to Sacred Journey Hospice for respite care on June 24 –June 30, 2006. Mr. James Rutherford was admitted to Sacred Journey Hospice for respite on July 12 – July 17 2006. The both were under care with Vista Care and came into our unit for respite on these dates under contract.

If you need any additional information or have any questions, please feel free to contact me at 678-583-0717.

Sincerely,

Michelle Shannon
Medical Records
Sacred Journey Hospice

EXHIBIT 23

*Living life's journey with comfort, care and compassion...*

*138 Peach Drive, McDonough, GA 30253 • 678-583-0717 • www.sacredjourneyhospice.com*



Department of Patient & Family Advocacy
1364 Clifton Road, NE
Atlanta, Georgia 30322
404-686-7593

July 19, 2012

Re: Ms. Pilar Aston

Please be advised that Ms. Janett Rutherford, Ms. Aston's mother, was hospitalized at our facility twice in 2006. Please see dates below:

- September 6, 2006 to September 15, 2006
- October 11, 2006 to October 27, 2006

If we can be of additional assistance, please feel free to contact me at (404) 686-7593.

Sincerely,

*Toni Berry*

Toni Berry, MA
Manager, Patient & Family Advocacy

EXHIBIT 24



Peachtree
Christian
Hospice
A Loving Place of Rest, Comfort and Hope

June 1, 2012

Re: Janet Rutherford,

To Whom It May Concern:

This letter is to inform you that Janet Rutherford was a patient here at Peachtree Christian Hospice from 5/21/2007 to 8/5/2007.

If you have any further questions, please contact our office at (770) 232-7727.

Thank you,

Stephanie Hutchinson
Administrative Assistant
Peachtree Christian Hospice

EXHIBIT 25

*Operated by* 

3430 Duluth Park Lane • Duluth, GA 30096 • (770)232-7727 • Fax (770) 232-7391 • www.peachtreechristianhospice.com

# UniHealth Post-Acute Care
# Brookhaven

April 2, 2014

To: Pilar Aston

This correspondence is to confirm upon your request that Ms. Janett Rutherford was a patient at UniHealth Post-Acute Care Brookhaven receiving hospice care from August 6, 2007 to November 15, 2007.

Matthew Tolbert MBA LNHA
Administrator

EXHIBIT 26

*Committed to Caring*

3535 Ashton Woods Drive • Atlanta, GA  30319 • (770) 451-0236 • Fax: (770) 451-0154

04/03/2014  16:38    6784747719                    EJCH HIS                           PAGE  02/02

**EMORY
JOHNS CREEK
HOSPITAL**

6325 Hospital Parkway
Johns Creek, Georgia 30097
Phone 678-474-7000
emoryjohnscreek.com

4-3-14

To Whom It May Concern,

Janett Reutherford was seen at Emory
John's Creek Hospital on May 15, 2007
through 5-21-2007.

EXHIBIT 27

MERCER

May __, 2014

Pilar Astor
P.O. Box 19386
Atlanta, GA 31154

Dear Ms. ___:

This letter is to confirm that you were seen as a client in the Counseling Services offices of Mercer University between 20__ - 20__.

We look forward to getting in this to discuss our records with you opportunity this however, we should be able to turn in that information to you by the end of next week.

Sincerely,

_signature_

John B. Gunner, LPC
Assistant Director of Counseling Services

# EXHIBIT 28


EXHIBIT 29

☑003/003



# FAMILY HEALTH CARE

*Board Certified*

**Samuel E. Palmer, M.D. • Melanie D. Shorter, M.D.**
**Karen Ivey, FNP-C, MSN • Cheunita Cruz, FNP-C, MSN**
PERSONAL AND CARING ATTENTION TO YOUR HEALTH

4-6-06

To Whom It May Concern

Re: James Rutherford

Mr. James Rutherford recently had a stroke. He cannot live alone. He need someone to care for him 24 hrs a day, seven days a week.

Any questions, please contact our office.

Thanks,

Samuel E. Palmer, M.D.

# EXHIBIT 30

1025 Keith Drive • Perry, GA 31069 • (478) 988-4282 • Fax (478) 988-3120
233 N. Houston Road Suite 140-F • Warner Robins, GA 31093 • (478) 922-8999 • Fax (478) 923-8111

JAMES RUTHERFORD DOB 02/16/1919



Peachtree
Christian
Hospice
A Loving Place of Rest, Comfort and Hope

June 15, 2007

Dear Sir or Madam:

Pilar Rutherford Aston's mother, Janett Rutherford, is a patient at the
inpatient facility of Peachtree Christian Hospice. Hospice is a collaborative
effort between staff and family. Pilar's presence at bedside is an important
element of hospice care. We appreciate every consideration that you are able
to give the family at this time.

Sincerely,

Martha Anne Ansari, LMSW

EXHIBIT 31

04/03/2014 THU 15:35 FAX

☑002/003



# HOUSTON FAMILY MEDICINE

*Board Certified*

Samuel E. Palmer, M.D. • Melanie D. Shorter, M.D.
Karen Ivey, FNP-C, MSN • Cheumita Cruz, FNP-C, MSN
PERSONAL AND CARING ATTENTION TO YOUR HEALTH

03/08/2006

To The Department Of Motor Vehicles:

Due to poor vision and memory loss, Mrs. Janet Rutherford should not drive.

Sincerely,

Samuel Palmer, MD

# EXHIBIT 32

1025 Keith Drive • Perry, GA 31069 • (478) 988-1282 • Fax (478) 988-3120
233 N. Houston Road Suite 140-F • Warner Robins, GA 31093 • (478) 922-8999 • Fax (478) 923-8111

04/03/2014 02:23 pm                    JANETT RUTHERFORD DOB 03/15/1929                    1/1

```
VISIT HISTORY INQUIRY         EMORY UNIVERSITY HOSPITAL  E M EH  04/09/14  14:38
RUTHERFORD, JANETT F                                                  001200066
----------------------------- VISIT HISTORY SELECTION ----------------------------
Select Line Number

    Visit Ppt Fc  Adm/Vis Type Dis/Dep Dis Pav Loca Reference   LK   Film Date
     Srv Dmsg   Other A/C#   Hb Cls From Thru  Reg Dte Physician
01. 6284 IIN 10  10/11/06  2   10/27/06 03  S  WB1
     PSY   X                                      10/11/06 TUNE, LARRY E

02. 6249 IIN 10  09/06/06  3   09/15/06 04  S  WB1
     PSY                                          09/06/06 KAHN, NEIL A

03. ****  END OF DISPLAY  ****


04.


05.

There are no more pages.

YAS11NZ                                         Termid $324  Function VISI
```

EXHIBIT 33

Ron.McCranie <Ron.McCranie@dekalbmedical.org>
**To:** Ink Matters <inkmatters11@aol.com>
**Subject:** Re: Fwd: JANETT RUTHERFORD
**Date:** Thu, May 22, 2014 10:43 am

```
11/15 - 11/26/2007
12/9 - 12/13/2007

Ron McCranie, Dir, HIM
DeKalb Medical
404-501-5052 phone
404-501-2735 fax
```

From:     Ink Matters <inkmatters11@aol.com>
To:
Date:     05/22/2014 09:38 AM
Subject:        Fwd: JANETT RUTHERFORD

Good Morning, have you found the information yet? Aston

-----Original Message-----
From: Ink Matters <inkmatters11@aol.com>
To: ron.mccranie <                                    >
Sent: Wed, May 21, 2014 4:12 pm
Subject: JANETT RUTHERFORD

Dear Mr. McCranie, I request a letter for dates of service for my mother
JANETT RUTHERFORD          . This letter is to only request dates of
service.Thank you, MS. Aston 6789066662

CONFIDENTIALITY NOTICE: This e-mail, including attachments, is for the sole use
of the individual(s) to whom it is addressed, and may contain confidential and
privileged information, including HIPAA protected PHI. Any unauthorized review,
use, disclosure, distribution, or reproduction is prohibited. If you have
received this e-mail in error, please notify the sender by reply e-mail and
destroy this message and its attachments in its entirety.

EXHIBIT 34